Opinion delivered April 26, 1887.

## No. 5767.

### E. AND S. McELROY *v.* JOSEPH McGOFFIN.

1. HOMESTEAD ABANDONMENT.—When a wife removes her domicile from this to another State she relinquishes any right of homestead which she might have retained had she continued an inhabitant of Texas.

2. SAME.—It is immaterial what business may engage the attention of husband and wife who once establish their home beyond the limits of Texas; the nature of their business can have no weight in destroying the effect of the abandonment already accomplished.

APPEAL from El Paso.    Tried below before the Hon. T. A. Falvey.

No briefs for appellant have reached the Reporters.

*Davis, Beall & Kemp,* for appellee.

WILLIE, CHIEF JUSTICE.    We deem it unnecessary to discuss the various points raised by the assignments of error in this case.    Two important questions were before the jury on the trial below:    First, did Mrs. McElroy ever acquire a homestead interest in the land in controversy? and second, if she did, was that interest lost by abandonment?    The last of these questions was of no importance if the first was answered in the negative; and the first was of no importance if the last was answered in the affirmative.    It was the duty of Mrs. McElroy to establish to the satisfaction of the jury that she had acquired a homestead right in the property; and, when that was done, it was the duty of the appellee to show that she had abandoned it, in order to defeat her recovery.    There was some conflict in the evidence as to whether or not she acquired this homestead right; but we do not deem it worth while to inquire as to whether the charges on this question were correct, or the finding of the jury supported by sufficient testimony.    Admitting that Mrs. McElroy acquired this homestead right, we are of opinion that the uncontradicted evidence shows that she abandoned it, and had no such right when she attempted to assert it in this action.

She left the State in 1881, and continued to reside beyond its limits until shortly before this suit was commenced by herself and husband to recover the property.    As to this there is no conflict; her own testimony shows it.    She removed from place to place, outside of our State, she and her former husband; their every action was inconsistent with any claim to a residence in Texas; and, after the death of her first husband, she married another living outside of the State, and still continued to reside beyond its limits.    This case is brought fully within the decision of Jordan v. Godman, 19 Texas, 273.    In that case the principle was distinctly announced that a wife, by removing and changing

her domicile from this to another State relinquishes any right of homestead which she might have retained had she continued an inhabitant of this State. That her removal from the State is inconsistent with any right remaining to her former homestead, and effectually precludes her from afterwards asserting such right. This principle has been reasserted in subsequent decisions of this court, and must now be considered as a rule of property, from which we can not depart. It is certainly one the correctness of which we do not doubt. (Smith v. Uzzell, 56 Texas, 315; Reese v. Renfro, present term.)

The appellant having relinquished her homestead in the property by ceasing to be an inhabitant of Texas, it was unimportant what was the nature of the business she or her husband engaged in whilst abroad, or how long they paused at each place beyond the State, where they made their home. This could not restore the lost right, or destroy the effect of an abandonment already accomplished by a removal from the State with no fixed intention to return.

The abandonment of the homestead by Mrs. McElroy having been fully established by uncontradicted evidence, it becomes of no importance what charges were given by the court upon any of the questions submitted to the jury, or upon whom the burden of proof devolved under the instructions of the court. No other verdict but one for the defendant was authorized by the evidence under any charge which the court could have given. Under the facts, had the jury found for the plaintiff, the verdict should have been set aside as against law and evidence.

We see no error in the judgment, and it is affirmed.

*Affirmed.*