NEWBRO v. FRIAR.

HOMESTEAD—LAND CONTRACT—EVIDENCE—APPEAL.

Evidence reviewed, and *held* insufficient to show that complainant had a homestead interest in certain lands at the time a contract for their purchase was assigned by her husband to defendant.

Appeal from Kent; Wolcott, J. Submitted April 11, 1902. (Docket No. 72.) Decided September 17, 1902.

Bill by Florence N. Newbro against James Friar to set aside an assignment of a land contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*Fred A. Maynard* (*James A. Lombard*, of counsel), for complainant.

*Dunham & Malcolm*, for defendant.

Moore, J.   Complainant was formerly the wife of Dr. Greene.   She filed this bill in chancery to have a house and lot on Barclay street, in Grand Rapids, decreed to be her homestead, and to have an assignment of a land contract made by Dr. Greene to defendant annulled because she did not join in the assignment.   From a decree dismissing her bill of complaint, she has brought the case here by appeal.

One of her solicitors properly says in the brief:

"The single question involved in this case is whether or not the complainant had a homestead interest in the premises in question on the 24th day of August, 1899, the date of the assignment of the land contract by her husband to James Friar, the defendant herein.   Necessarily this question is largely one of fact."

The record discloses that prior to 1890 the complainant and Dr. Greene were married.   He engaged in the practice of his profession in Grand Rapids.   In October, 1890, he bought a piece of real estate on Barclay street upon land contract, and with his family lived upon it.   On or about the 1st of September, 1896, the complainant was in ill health.   It was thought a change of climate would benefit her.   An attempt was made to sell the Barclay-street property.   No sale of it was made, and it was rented for two years.   The household goods were shipped to Dubuque, Iowa, and the doctor and his family went there, expecting to live there for at least a time.   Before they got settled in their new home, a telegram made it necessary for the doctor to return to Grand Rapids.   He had been in Grand Rapids but a day or two when he got a telegram from his wife not to return to Dubuque; that she was coming back.   She soon came to Grand Rapids, and the complainant claims that, because the house was rented, they rented and moved into a house on Paris avenue.   The defendant claims the tenant would have been glad to surrender the lease, but that complainant and her husband desired to live in a better house, and for that reason moved into a house on Paris avenue.   In the

spring of 1897 Dr. Greene bought two acres of ground, upon which there were buildings, just outside of the city limits, and improved the place by expending upon it about $1,400, and moved his family into it, where they and he resided until August, 1899. In the meantime the Barclay-street place continued to be rented to tenants. Dr. Greene regarded himself as a resident of the township; he voted there, and was elected to a school office. In August, 1899, the complainant filed a bill of divorce against him, in which she charged him with a very serious crime. For $700 Dr. Greene assigned the land contract to defendant, and left the State. Afterwards he was in Grand Rapids. The property interests between Dr. Greene and his wife were adjusted out of court. Among other things, he gave her a quitclaim deed to the Barclay-street property. The divorce suit was heard, and a decree granted.

Upon the hearing of the case at bar a large mass of testimony was taken, Dr. Greene coming from outside of the State to testify on behalf of his wife. It would profit no one to incorporate in this opinion what is shown by the record. Not only has the complainant failed to show by a preponderance of evidence that the Barclay-street house, at the time of the assignment of the land contract, was a homestead, but it is shown by a preponderance of evidence that it was not a homestead.

The decree is affirmed, with costs of this court.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.