## WHITE et al. v. COWLES.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1913. Rehearing Denied March 22, 1913.)

1. HUSBAND AND WIFE (§ 238*) — ACTIONS AGAINST MARRIED WOMEN — JUDGMENTS — VALIDITY.

Rev. Civ. St. 1911, art. 4625, providing that the court entering judgment against a married woman shall decree that execution may be levied on either the common property or her separate property at the discretion of plaintiff, is for the benefit of plaintiff, and the failure of the judgment to award an execution against the wife's property does not render the judgment void.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 853–855, 858, 860–863, 983; Dec. Dig. § 238.*]

2. HUSBAND AND WIFE (§ 238*)—COLLATERAL ATTACK.

The error in a judgment against a married woman arising from its failure to specifically award execution against the wife's property, as provided by Rev. Civ. St. 1911, art. 4625, does not render the judgment subject to collateral attack.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 853–855, 858, 860–863, 983; Dec. Dig. § 238.*]

3. ATTACHMENT (§ 182*)—LIENS—DEEDS.

The filing for record of a corrected deed after the attachment of the property conveyed confers no right on the grantee superior to the attachment creditor, where the original deed executed by the debtor was fatally defective.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 577–580; Dec. Dig. § 182.*]

4. HOMESTEAD (§§ 29, 154*) — SELECTION— RIGHTS OF PARTIES.

The husband has the right to choose the homestead for the family and to abandon a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 37, 307; Dec. Dig. §§ 29, 154.*]

5. HOMESTEAD (§ 161*)—ABANDONMENT—ACTS CONSTITUTING.

Where a widow occupying premises as a homestead married, and she and her husband voluntarily left the premises, with no intention on the part of the husband again to make the same the homestead of the family, the property became subject to execution sale.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 312–314; Dec. Dig. § 161.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Error to District Court, Clay County; P. A. Martin, Judge.

Action by E. J. Cowles against Charles H. White and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

J. C. Chesnutt and P. M. Stine, both of Henrietta, and Theodore Mack, of Ft. Worth, for plaintiffs in error. A. S. Moss, of Memphis, for defendant in error.

SPEER, J. This is an action of trespass to try title instituted by E. J. Cowles against Chas. H. White and others to recover certain land in Clay county in which there was a judgment for the plaintiff, and the defendants have sued out a writ of error.

The trial court made the following findings of fact:

"This case involves the title to an interest of Susie B. Bolton in a house and lot in Henrietta, Clay county, Tex., which was owned by her and her first husband, T. B. McDonald, and occupied by them as a homestead.

"McDonald died May 15, 1890, and his widow occupied the premises as her homestead until she married S. W. Bolton on April 30, 1908. When she married Bolton she moved away with Bolton, and has since resided in several places, but has never returned to the place in controversy. Bolton owns two places in Bonham, Tex. He never lived on or claimed the place in Henrietta as his homestead, but has claimed it as his wife's homestead.

"Mrs. Bolton at the time of her marriage owed the plaintiff Cowles a debt which, with principal, interest, and attorney's fees, amounted to $318.77, and on September 8, 1909, Cowles caused a writ of attachment to be levied upon the property in controversy to secure his debt, said property being levied upon as the property of Susie B. Bolton and S. W. Bolton. After judgment of foreclosure said property was duly sold by the sheriff of Clay county, and bought by Cowles upon his judgment. In the meantime on September 2, 1909, Mrs. Bolton and her husband had executed a deed to the property to Chas. H. White, who is a son-in-law of Mrs. Bolton, attempting to convey the property to him for a consideration of $1 and a promise upon the part of White to furnish her with another home of equal value to this at some future time when she decided where she wanted it. This deed was fatally defective, but on August 2, 1910, after the attachment proceedings against the place, a corrected deed was filed for record reciting the consideration expressed above.

"From all the circumstances of the case I find as a fact that Mrs. Susie Bolton had abandoned the place as a homestead before the levy of the attachment by plaintiff, E. J. Cowles."

[1, 2] It is apparent that defendant in error's title is dependent upon the validity of the sheriff's sale growing out of his levy of a writ of attachment upon the property in controversy, and several of plaintiffs in error's assignments are to the point that the judgment in the attachment suit was a general judgment in form, and did not specifically award an execution against the separate property of Mrs. Bolton, and that, therefore, the sale was unauthorized, and passed no title to defendant in error. Article 4625, Revised Statutes 1911, which is cited for this contention, does declare that in certain cases where judgment is entered against a married woman "the court shall decree that execution may be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff." But this according to the express terms of the article applies only to debts contracted by the wife for necessaries furnished herself or children, or for expenses incurred by her for the benefit of her separate property. The liability in the present case was neither, but represented an indebtedness owing by Mrs. Bolton prior to her marriage to S. W. Bolton. But, if the liability was upon a contract within the statute, yet the failure of the judgment specifically to award an execution against the wife's property could hardly avail her anything, since this provision is evidently for the benefit of the plaintiff in the action, and, if by any possibility the same should be erroneous, it would not render the judgment subject to a collateral attack. Speer's Law of Married Women, §§ 315, 316, 317.

[3] Plaintiffs in error complain that the court erred in admitting in evidence the execution, levy, and sheriff's deed under the foregoing judgment because the same were immaterial, since the "uncontradicted evidence" showed that the title to the property had passed out of Mrs. Bolton before the levy of the writ of attachment. The court, however, found that the attempted conveyance of September 2, 1909, was fatally defective; and, if this finding is not overthrown, then clearly the objections made to the evidence of the levy and sale were properly overruled. Plaintiffs in error's fourth assignment, which attacks the trial court's finding last referred to, assails such finding upon the ground that "the record shows that said deed was executed by Susie B. Bolton, joined by her husband, S. W. Bolton, to Chas. H. White to the property in controversy before the levy of plaintiff's pretended attachment, and at the time said deed was executed said property was the homestead of Susie B. Bolton and her husband." There is nothing whatever in the statement following this assignment that tends in any way to overthrow the court's finding that the deed was fatally defective. The finding does not show in what the defect consisted, nor does plaintiffs in error's brief throw any

light on the matter. The recited fact that on August 2, 1910, after the attachment proceedings, a corrected deed was filed for record, certainly could give plaintiffs in error no right superior to defendant in error's attachment lien if at the time of its levy the title stood in the name of Mrs. Bolton.

[4] The remaining contention to the effect that the court's finding against Mrs. Bolton on her claim of homestead is contrary to the undisputed evidence is overruled. In this state the husband as the recognized legal head of the family has the right to choose the homestead for the family. This necessarily carries with it the corresponding right to abandon the homestead.

[5] Upon Mrs. Bolton's marriage to S. W. Bolton and their voluntarily leaving the property, with no intention on the part of the husband again to make it the homestead of the family, the property became subject to forced sale, and the trial court did not err in so finding. There is no intimation in the record of any disagreement between Mr. and Mrs. Bolton or the existence of any other fact that would authorize her as wife instead of him as husband to select the homestead of the family.

Upon the trial court's finding of fact which we adopt, the judgment is in all things affirmed.