HART et ux. v. HULSEY et al. (No. 236.)

(Court of Civil Appeals of Texas. Beaumont. June 7, 1917.)

1. APPEAL AND ERROR ⟺846(5)—REVIEW—ABSENCE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Where the trial court did not file findings of fact and conclusions of law, the case is before the Court of Civil Appeals to determine whether there was evidence on trial sufficient to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3351–3355.]

2. HOMESTEAD ⟺181(1) — ABANDONMENT — BURDEN OF PROOF.

In suit to cancel a deed of trust and the trustee's deed executed in pursuance thereof, plaintiffs claiming that the deed of trust was on their homestead, and defendant setting up abandonment thereof, the burden of proof on the issue of abandonment rested on defendant.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 352.]

3. APPEAL AND ERROR ⟺1010(1)—REVIEW—FINDING OF FACT.

The Court of Civil Appeals will not disturb the finding and judgment of the trial court on a finding of fact if there is any evidence in the record to support it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981, 4024.]

4. HOMESTEAD ⟺181(3) — ABANDONMENT — SUFFICIENCY OF EVIDENCE.

In suit to cancel a deed of trust and the trustee's deed executed pursuant thereto, evidence held to warrant findings that the premises had been abandoned as a homestead by plaintiffs, and that they were not their homestead on execution of the deed of trust, so that the latter was a valid lien.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 353.]

5. HOMESTEAD ⟺154 — ABANDONMENT BY HUSBAND.

A husband cannot, under any and all cases, divest property of the homestead character, which has once attached, so as to defeat the wife's right in the same as a homestead, by merely declaring his intention of abandoning the property as a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 307.]

6. HOMESTEAD ⟺163 — ABANDONMENT BY HUSBAND.

Where a husband, acting in good faith, without intention to defraud his wife, determines to abandon property once characterized as their homestead, and to remove without intention of again occupying the property as a homestead, and does so remove with such intention, and is followed by his wife, and they establish their residence elsewhere, the intention and act of the husband, he being the head of the family, exercised in good faith towards the wife, and for what he believed to be the best interests of the family, must control and be given effect, and the property so abandoned and removed from loses its homestead character, and is, in contempla-

tion of law, abandoned as a homestead by both the spouses, since the husband is recognized by law as the head of the family, and clothed with the right to determine ordinarily its domicile, either in acquiring property for a homestead or in abandoning the same.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 320–326.]

7. APPEAL AND ERROR ⟺1008(2)—REVIEW—FINDINGS OF COURT.

Findings of fact by the trial judge sitting without a jury are entitled to at least as much weight as the verdict of a jury on the same facts, both touching the credibility of witnesses and the weight to be given testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3957, 3964.]

8. HOMESTEAD ⟺115(1)—MORTGAGE LIEN.

Where claimants of homestead rights were occupying or using the premises as a homestead at the very time of the attempted execution of a lien thereon by executing a deed of trust, the attempted lien was absolutely void.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183, 184.]

Error to District Court, Harris County; Henry J. Dannenbaum, Judge.

Suit by Frank Hart and wife against J. B. Hulsey and others. To review a judgment for defendants, plaintiffs bring error. Affirmed.

Ward & Ward, of Houston, for plaintiffs in error. Howard & Kendall, of Houston, for defendants in error.

HIGHTOWER, C. J. This suit was brought by plaintiffs in error, Frank Hart and his wife, Annie Hart, for the purpose of canceling a certain deed of trust, and the trustee's deed executed in pursuance thereof, and was against J. B. Hulsey as beneficiary in said deed of trust, and who was also purchaser in the trustee's sale, and against R. A. Davis, as trustee named in said deed of trust, for the purpose of removing cloud from the title cast by said deed of trust and the trustee's deed, plaintiffs alleging as grounds therefor that the property covered by said deed of trust and trustee's deed was, at the time of the execution of said deed of trust, the homestead of plaintiffs. Defendant J. B. Hulsey, in addition to his answer of general demurrer and general denial, pleaded abandonment of the property in controversy as a homestead by plaintiffs in error, and by way of cross-action, in the event the sale made by the trustee was set aside by the court, set up his debt against plaintiffs in error, and the deed of trust executed to secure the same, and prayed for foreclosure, and also set up the fact that a part of the money borrowed by plaintiffs in error and secured by the deed of trust was, at the request of plaintiffs in error, paid by defendant in error in the discharge of an existing valid lien against said premises, and thereupon prayed to be subrogated to the rights of the holder of said lien. Upon trial before the court without a jury, the court found against plaintiffs in error on the issue

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of homestead, and found for plaintiffs in error on the invalidity of the trustee's sale, and awarded defendant in error Hulsey, judgment for the amount of his debt against plaintiffs in error, interest and attorney's fees, as prayed, and foreclosure of the deed of trust lien on the property claimed by plaintiffs in error to be their homestead. To this judgment of the trial court, plaintiffs in error Hart and wife duly excepted, and have brought the case here by writ of error for revision.

We find in the brief of plaintiffs in error seven assignments of error, each of which challenges the correctness of the trial court's judgment in holding that the deed of trust in question constituted a valid lien upon the property involved, and in foreclosing the same, on the ground that the property covered by said deed of trust was the homestead of plaintiffs in error at the time of the execution of said deed of trust, and that therefore, under the Constitution and laws of this state, said deed of trust was void, and constituted no lien on said property. We say that all seven of the assignments of error, in different form, relate to this one question, and therefore we will dispose of them all together.

The deed of trust in question was duly executed and acknowledged by plaintiffs in error on the 25th day of May, 1912, and covers lot No. 10 in block No. 7 of the Hardcastle addition to the city of Houston, Tex., and was executed to secure the payment of a promissory note executed by plaintiffs in error to J. B. Hulsey, defendant in error, for the principal sum of $1,100, interest, and attorney's fees.

We gather from the record before us that the plaintiffs in error acquired the property covered by the deed of trust in the year 1901, or 1902, for the purposes of a homestead, and that soon after its acquisition they moved upon the same, and made the same their homestead in fact, and continued to occupy the same as their homestead until some time in July, 1909, at which date plaintiffs in error removed from said premises, and have never at any time since that date occupied, or pretended to occupy, said premises as their homestead until about August, 1916, some 4 years after the execution of said deed of trust, and approximately 7 years after they had moved from said premises, as before stated.

[1] The trial judge did not file findings of fact and conclusions of law, and therefore the case is before this court to determine whether or not there was evidence adduced upon the trial sufficient to support the judgment of the trial court, and, if so, it is the duty of this court to affirm such judgment.

[2, 3] It is conceded that the property covered by this deed of trust was at one time stamped with the homestead character, and was actually used and occupied by plaintiffs in error as their homestead, and the con-

trolling question to be here determined is whether or not there was any evidence before the trial court which, if believed by him, was sufficient to warrant a finding by him that the plaintiffs in error had abandoned the premises in controversy as a homestead prior to the execution of the deed of trust in question, with the intention on their part not to use or occupy the same again as their homestead, and we concede that the burden of proof upon this issue rested upon defendant in error, and, in view of the fact that the trial court gave judgment in favor of defendant in error, establishing and foreclosing the deed of trust as a lien upon the premises in question, he, presumably, found and held that defendant in error had discharged that burden, and, following the rule in this state, established by an unbroken line of decisions, this court will not disturb the finding and judgment of the trial court on this finding of fact, if there is any evidence found in the record to support it.

The property upon which the deed of trust was executed was, at the date thereof, and had been for approximately 3 years prior thereto, located in what is known as the "Reservation" in the city of Houston. This Reservation was established about July, 1909, and was a place set aside for the prostitutes of the city of Houston. In July, 1909, after this Reservation was established, plaintiffs in error moved from said premises, and, according to statements and declarations shown to have been made by the husband, Frank Hart, such removal was made with the intention of abandoning said premises as a home. It is undisputed by the record that up to the time of the execution of the deed of trust in question, almost 3 years subsequent to the date that plaintiffs in error removed from the premises in question, they had not, in any way, used or occupied the premises as a homestead, and at the execution of the deed of trust, the premises in question were occupied by renters or tenants of plaintiffs in error, and were in no manner, nor to any extent, used for the purposes of a homestead by plaintiffs in error. At the time plaintiffs in error left the premises in question, they had three children, two of whom were girls, aged 16 and 17 years, respectively, and a boy 15 years of age. It was proven on the trial, by defendant in error, that Frank Hart, the husband, on several occasions stated, prior to the execution of the deed of trust in question, that the premises in question had been abandoned as a homestead by plaintiffs in error, for the reason that his wife, Annie Hart, would not live there, on account of the fact that the Reservation of the city of Houston was established there, and that plaintiffs in error were opposed to living with their children in such a place, and, further, that he (Frank Hart), had made, or was making arrangements to purchase other property for the purposes of a homestead, and, in fact, that

he had negotiated a purchase of other property for such purposes. Frank Hart, however, denied having made any such declarations to any one, and claimed that he had at all times intended to return to the property in question, and occupy it as a homestead, and that his only reason in removing therefrom, in the first place, was that he wanted to get in such part of the city as would afford his wife convenient access to such employment as her physical condition would permit of, and that he intended, ultimately, to return to the premises, and occupy same as a homestead. Annie Hart, the wife, testified, in substance, that she, too, had no intention of abandoning the property in controversy as a homestead at the time she and her husband removed therefrom, but that such removal was only temporary, and for the purpose of enabling her to secure employment more easily accessible to her, and that, ultimately, she intended to return to the premises in question as their homestead.

It is undisputed, also, that after plaintiffs in error removed from the premises in question, Frank Hart, the husband, did negotiate with the William A. Wilson Company for the purchase of a lot, which was some time in September, 1911, but for some reason he never finally acquired the property negotiated for, but instead the same was conveyed by the William A. Wilson Company to one Chambers, with whom the husband, Frank Hart, had some dealings, and to whom he became indebted, it seems, in the sum of approximately $400.

[4] We think that the evidence before the trial court, to the effect that the husband, Frank Hart, expressly declared that the premises in question had been abandoned by plaintiffs in error as a homestead, coupled with the fact that the same was not occupied or used as a homestead for approximately three years after removal therefrom, when considered in connection with the further fact that Frank Hart, after removal, and before the execution of the deed of trust, was negotiating for other premises for the purposes of a home, as declared by him, and also, when considered in connection with the further fact that the premises in question were never occupied, or pretended to be occupied or used in any manner, as a homestead by plaintiffs in error until after the filing of this suit, and also, when considered in connection with the reason stated by Frank Hart for removing from the premises in controversy, that is to say, that plaintiffs in error would not live on the property because of the fact that the Reservation had been established there, constituted a sufficient basis for the findings of the trial court that the premises in question had been abandoned as a homestead by plaintiffs in error, and that the same was not their homestead at the date of the execution of the deed of

trust in question, and that therefore such deed of trust constituted a valid lien upon said premises. It is true that the wife, Annie Hart, was not shown to have made any declaration to defendant in error, or his agent, acting for him, relative to the lien in question, as to what her intentions were with reference to the premises in question, and she, therefore, claims that, even if it be true that her husband declared his intention to abandon the premises in question as their homestead, such declaration and intention on his part could not affect her interest in the premises in question as a homestead, and could not have the effect to deny her the right to claim the property as a homestead, and thereby defeat the alleged lien.

[5, 6] In answer to his proposition, it may be conceded that the husband cannot, under any and all cases, divest property of the homestead character, which has once attached, so as to defeat the right of the wife in the same as a homestead, by merely declaring his intention of abandoning such property as a homestead of the family, and this proposition of law is too well settled in this state to require citation of authority, but it is also true that where the husband, acting in good faith, and with no intention to defraud the wife, determines to abandon property once characterized as a homestead, and to remove therefrom, with no intention of again occupying the same as a homestead, and does so remove with such intention, and is followed by the wife, and their residence is established elsewhere, then, in such case, the intention and act of the husband, he being the head of the family, exercised in good faith towards the wife, and for what he believes to be for the best interests of the family, and in the absence of any fraud whatsoever perpetrated upon the wife, must control and be given effect, and the property so abandoned and removed from loses its homestead character, and is, in contemplation of law, abandoned as a homestead by both the spouses. It is the intention and act of the husband, when exercised in good faith towards the wife, that control in such cases, for the reason that the husband is recognized by law as the head of the family, and is clothed with the right to determine, ordinarily, the domicile of the family, either in acquiring property for the purposes of a homestead, or in abandoning same, after being once acquired, provided, always, that the intention and judgment of the head of the family be exercised in good faith towards the wife. There is nothing in this record that indicates that Frank Hart, the husband, if he, in fact, had the intention of abandoning the property in question as a homestead, as the trial court found he did, which would indicate any bad faith towards or intention to defraud, in the least, his wife, and we cannot say that the evidence before the trial judge, taken as a whole, some of which we

have not mentioned, was not sufficient to warrant the judgment of the trial court in this case.

[7] We understand that findings of fact by the trial judge, sitting without a jury, are entitled to at least as much weight as would be the verdict of a jury on the same facts, both touching the credibility of the witnesses and the weight to be given to the testimony, and before this court would feel justified, or would be authorized, under the rule in this state, to disturb the judgment of the trial court in this case, we would have to hold, in effect, that there was no evidence before the trial court, upon which to base a finding, which was to the effect that the property in controversy had been abandoned as a homestead by plaintiffs in error, prior to the execution of the deed of trust in question, and that the same was not stamped with the homestead character at the date of the execution of such deed of trust. The rule that appellate courts in this state will not disturb a finding of the trial court on a question of fact, unless it can be said by the appellate court that there is no evidence in the record, upon which to base such findings on questions of fact, is so well established that the citation of authorities is entirely unnecessary.

On the issue of abandonment of property in controversy as a homestead by plaintiffs in error, the following authorities, among many others in this state unnecessary to mention, are referred to: Parker v. Schrimsher, 172 S. W. 165; Morris v. Simmons, 138 S. W. 802; Derry v. Harty, 187 S. W. 343; White v. Cowles, 155 S. W. 982.

[8] Plaintiffs in error have cited quite a number of cases in support of their assignments that the trial court was in error in holding the deed of trust in question a valid lien on the premises in question, with the opinions in most of which we are familiar, and it will be found that many of these cases deal with the question of estoppel on the part of the claimant of the homestead to deny the validity of the lien attempted to be executed, and as to that line of cases we might say that they have no application here, because the issue of estoppel is not in this case, and, further, we might say that some of these cited cases refer to controversies where the claimants of the homestead rights were occupying or using the premises in controversy as a homestead at the very time of the attempted execution of the lien, and, of course, under such circumstances, any such attempted lien was absolutely void, and others of these cited cases have reference to instances where the jury or trial judge found in favor of the claim of homestead as a question of fact. We think that none of them can control in this case.

From what we have said, it follows that in our opinion none of the assignments of error should be sustained, and they are therefore overruled, and the judgment of the trial court is therefore, in all things, affirmed.