## GOUGH v. GIBSON. (No. 3496.)

Court of Civil Appeals of Texas. Texarkana. Jan. 5, 1928.

1. Homestead ⟨key⟩181 (1)—Husband's good faith toward wife, in determining homestead should be abandoned, will be presumed in absence of evidence to contrary.

Husband's good faith toward wife, in determining whether or not family homestead shall be abandoned, will be presumed in absence of evidence to contrary.

2. Homestead ⟨key⟩181 (3)—That parties did not acquire another homestead does not overcome stronger evidence that parties abandoned homestead.

While failure to acquire another homestead may be considered as circumstance tending to negative intention to abandon former homestead, that fact is not so weighty that it should overcome other and stronger evidence to contrary.

3. Homestead ⟨key⟩154—Husband's intentions, not those of wife, in absence of fraud were controlling in determining whether homestead claim had been abandoned.

There being no evidence of fraud on part of husband in abandoning homestead, his intentions, and not those of wife, were controlling in determining whether or not homestead claim had been abandoned.

4. Homestead ⟨key⟩181 (3)—Evidence held not to support finding that homestead claim to land husband sold, which wife also sold, wife later confirming husband's sale, had not been abandoned at date of husband's sale.

In action of trespass to try title, in which plaintiff claimed under deed from husband alone executed in 1908 and confirmatory deed by husband and wife in 1913, and defendant claimed under deed from wife alone in April, 1910, she claiming to be widow, evidence *held* not to support court's finding that homestead claim had not been abandoned in 1908 at date of husband's sale, where at time of sale husband and wife had been absent from place 12 years, but had not acquired another homestead.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Action of trespass to try title by W. C. Gough against J. A. Gibson. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

C. D. Lennox, Jr., of Clarksville, for appellant.

Robbins & Bailey, of Clarksville, for appellee.

HODGES, J. This is an action of trespass to try title to a tract of land situated in Red River county. It was instituted by the appellant against the appellee, and in a trial before the court without a jury a judgment was rendered in favor of the defendant below.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

· The land was originally the community homestead of S. P. Province and his wife.· Appellant claims under a deed from S. P. Province alone, executed on March 13, 1908, and a confirmatory deed executed by Province and wife on May 10, 1913. At the time those deeds were executed Province and his wife were living in Arkansas. The appellee claims under a deed executed by Mrs. Province alone on the 19th of April, 1910, approximately two years after appellant's first deed from Province. In her deed Mrs. Province recited that she was the widow of S. P. Province, deceased. The proof shows that she was not a widow, but that she and Province were then temporarily living apart.

The evidence shows that, about 1890, S. P. Province, with his family, settled on the land in controversy. He built a small cabin of logs and cleared for cultivation a small plat of ground which is referred to by the witnesses as a garden or "truck patch." They resided upon the land three years, and then moved away. Later they returned and lived upon the place one year. About 1896 they moved again and rented other land in Red River county until 1900, when they left the state of Texas and moved to Arkansas. After residing in Arkansas for a number of years they moved to Tennessee, where Mrs. Province died in 1919. S. P. Province was at the time of the trial still living in Tennessee, and was an inmate of a home for the indigent.

[1] It is conceded that appellant has a good title if S. P. Province, without the concurrence of his wife, was authorized to convey the property in 1908, the date of the first deed to the appellant. His authority to make such conveyance is denied upon the ground that the land had once been the family homestead and had never been permanently abandoned. The trial court based his judgment in favor of the appellee upon a finding that the homestead claim had not been abandoned in 1908. The controlling question . in this appeal is, Does the evidence support that finding? It is well settled by the decisions of our courts that the husband alone may determine whether or not the family homestead shall be abandoned, provided he acts in good faith toward the wife. Portwood v. Newberry, 79 Tex. 337, 15 S. W. 271; Hart v. Hulsey (Tex. Civ. App.) 196 S. W. 304; Bishop v. Williams (Tex. Civ. App.) 223 S. W. 516. It is also well settled that such good faith will be presumed in the absence of evidence to the contrary. Smith v. Uzzell, 56 Tex. 316.

[2] After leaving the land in controversy Province had never purchased any other land, but the evidence tends to show that he and his wife resided upon rented premises, when not living with their children. While the failure to acquire another homestead may be considered as a circumstance tending to negative an intention to abandon the former homestead, that fact is by no means so weighty that it should overcome other and stronger evidence to the contrary. Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 588; Reece v. Renfro, 68 Tex. 194, 4 S. W. 545; Shepherd v. Cassiday, 20 Tex. 30, 70 Am. Dec. 372. The proof shows that at the time Province and his wife left the land in controversy in 1896 the place was poorly improved. The residence was a small log cabin, and only a small plat of land had been cleared for cultivation. The circumstances clearly indicate that the place was not suited for a home where the head of the family could live in comfort and support his family.

The evidence also indicates· that Province was a man of very limited means, and was unable to make further improvements on the place. It does not appear that any of his children were living with him at the time he left the state. There is nothing in the record to indicate that his wife did not willingly leave the place, or that she objected to moving to another·state. At the time of the sale to the appellant Province and his wife had been absent from the place twelve years. During four of those years they lived in the vicinity of the land or in the same county. Eight years of that time they had resided in another state, some distance from ·the land. During their absence no efforts had been made to rent the place or keep it in repair for future occupancy. Appellant testified, without contradiction, that the house had decayed and the cleared land had become overgrown with briars. The only evidence of any intention to return was the fact that no other home had been purchased, and some declarations from Mrs. Province that she desired to return to Texas if her children would go with her. Those declarations seemed to have been made after the land had been sold by Province.

[3] There being no evidence of fraud on the part of Province in abandoning the place, his intentions, and not those of the wife, would be controlling in determining whether or not the homestead claim had been abandoned. Woolfolk v. Ricketts, 48 Tex. 36; Reece v. Renfro, supra. The best evidence of his intention not to·return is fraud in the fact that he sold and conveyed the land to the appellant, and neither he nor his wife ever thereafter returned to Texas. Portwood v. Newberry, and Reece v. Renfro, supra; McElroy v. McGoffin, 68 Tex. 208, 4 S. W. 547.

. [4] Even if the deed executed by Province alone in 1908 was for any reason invalid, the deed executed by him and his wife in 1913 was sufficient. Mrs. Province was not a widow, as stated in her deed executed in 1910, and the evidence does not warrant a finding that she had been abandoned by her husband in such a manner as to authorize her to convey the property alone. Speers' Law of Mar. Rights, 253, 254. In 1910 she was a married

woman, and her acknowledgment to her deed of that date was not in the form required by law in order to give validity to a conveyance by a married woman. The execution of that deed by her alone and her concurrence with her husband in the execution of another confirmatory deed to appellant in 1913 are consistent with, if they do not tend to show, the fact that she left the state with no intention of returning to the old habitation.

We conclude that the judgment of the trial court is unsupported by the evidence, and for that reason the judgment should be reversed and judgment here rendered in favor of the appellant.