6 w 509
130　23

# Young *against* Glendenning.

A parol gift of land by a father to a child, accompanied by permanent improvements, gives an indefeasible title to have the contract executed. A compensation for improvements by perception of profits, is not a bar to specific performance of a gift.

ERROR to the common pleas of *Mercer* county.

Robert Glendenning against John Young. Ejectment for one hundred acres of land. The title had been in the plaintiff, and the defendant alleged that he had made a parol gift of the land to him. Much evidence was given on the subject, but the only question of law raised in this court, was as to the opinion of the court thus expressed to the jury: "if you are satisfied from the evidence, that the plaintiff made a parol gift of the land to Mrs Young, and possession was taken in pursuance of the gift, and valuable improve-

[Young v. Glendenning.]

ments made, and that Young has not been fully compensated, then your verdict will be for the defendant."

This opinion was assigned for error.

*Holstein*, for plaintiff in error.

*Pearson*, for defendant in error, cited 3 *Penns. Rep.* 362; 5 *Watts* 146; 2 *Whart. Rep.* 387, 390; 1 *Johns. Ch.* 273; 13 *Johns.* 297; 3 *Watts* 253; 1 *Johns. Ch.* 293.

PER CURIAM. The direction was, that compensation for improvements by perception of profits, may be a bar to specific performance of a gift. On that ground, the equitable title would always be defeasible, for a time must come, when compensation will be complete; and the right of the donee would depend on the time when he called for the conveyance. Nor would equity be bound to help him to it, though called for at the earliest period, as it would be sufficient to protect his possession, till satisfaction should be had from the land. But whatever room for objection to specific performance, there might originally have been, there is no rule of equity better established, than that encouragement to go on with improvements under an expectation of a conveyance, is a ground to disappoint the deceiver, by compelling him to realize the expectations he has raised. Compensation is the opposite of performance, and so treated by Lord Alvanley, in Forster *v.* Hales, 3 *Ves.* 713, who, in objecting to the original course of the court, thought that compensation, instead of execution, ought to have been the redress in all cases. Slight and temporary erections for the tenant's own convenience, doubtless give no equity; but permanent improvements give an indefeasible title to have the contract executed.

Judgment reversed, and a *venire facias de novo* awarded.