## T. W. SMITH v. AURENA UZZELL.

(Case No. 1416.)

1. HOMESTEAD — ABANDONMENT.— A citizen of Texas, owning a homestead in this state, left the state in 1868 with his wife, declaring his dissatisfaction with the government, expressing his intention not to return, and removed to Tuspan, Mexico. He returned to this state in 1873 and died in 1878, but never occupied again his former homestead. In a contest between a purchaser of the homestead at execution sale in 1871, and the widow and children of the deceased husband claiming homestead rights, *held*,

(1) The homestead was abandoned and homestead rights lost.

(2) The power of the husband to bind his children by abandonment of the homestead is clear, and the rights of the wife were lost by her voluntarily leaving the homestead and accompanying the husband when he abandoned it.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

The opinion states the case.

*John R. Peel* and *James R. Davis*, for appellant.

*W. W. Meacham*, for appellees, relied to sustain the judgment on the following authorities: Henderson *v.* Ford, 46 Tex., 628; Carter *v.* Randolph, 47 Tex., 380; Reeves *v.* Petty, 44 Tex., 252; Thomas *v.* Williams, 50 Tex., 269; Mills *v.* Van Boskirk, 32 Tex., 361; Gouhenant

---

---

v. Cockrell, 20 Tex., 96; Cross v. Evarts, 28 Tex., 523; Whitstone v. Coffey, 48 Tex., 278.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by the widow and children of M. M. Uzzell, deceased, to recover a tract of land, basing their right so to do upon the claim that the property was the homestead of M. M. Uzzell and his family and had never been abandoned.

The property was purchased by M. M. Uzzell in the year 1865, and in the succeeding year he married and settled upon the land and there lived until early in the year 1868, at which time he removed to Tuspan, in the republic of Mexico, after having sold all of his personal property except such as he carried with him to Mexico.

The appellant claims title to the property under a sale thereof made under execution issued upon a judgment rendered against M. M. Uzzell in February, 1871, with regular chain of title thereunder.

The same was tried by the court and a judgment rendered in favor of Mrs. Uzzell and her children for the land; and the only question in the case is, did M. M. Uzzell abandon the land as a homestead ?

The record shows that when he left Texas and removed to Mexico, he declared his intention not to return, expressing dissatisfaction with this government, and persuading others to accompany him, and proposing to purchase a home in Mexico for a friend where orange groves were to be found. No part of the evidence contains any expression of his showing an intention ever to return, and the only isolated fact upon which it is claimed that the land continued to be his homestead either in intention or fact is, that he had once used it as a homestead and did not sell it when he went to Mexico.

It does not clearly appear when M. M. Uzzell returned to Texas, but the next that was seen of him in Texas by any witness who testified in the cause was in the year

1873, at which time he was in Montgomery county, that, however, not then being his residence.

It does not appear that M. M. Uzzell ever returned to the land in controversy or attempted to use the same as a homestead after his return from Mexico; but it does appear that although he lived until the 9th day of October, 1878, after his return from Mexico, he continued to live in the counties of Navarro and Limestone. The record is silent as to whether he ever acquired a homestead in either of those counties or not. Upon his return from Mexico he stated that he bought land while there.

The facts thus presented are stronger than were the facts in the case of Jordan v. Godman, reported in 19 Tex., 273, in which it was held that Godman had abandoned his Texas homestead.

In that case Godman, about the year 1850, proved his claim to six hundred and forty acres of land in Peters' colony, upon which he settled with his family two or three years before that time. In the same year in which he made proof of his claim, he sold his claim to Jordan for $250, and executed to him bond to make title, after which he immediately removed to the state of Arkansas, where he died some time prior to the spring of 1854; at which time the widow and children of Godman brought suit for the land, she not having joined in the conveyance. In delivering the opinion of the court, Wheeler, J., said: "It cannot be doubted that by removing and changing her domicile from this to another state, the wife relinquished any right of homestead which she might have retained had she continued an inhabitant of this state. Her removal from the state is inconsistent with any right remaining to her former homestead, and effectually precludes her from afterwards asserting such right."

The same may be said as to abandonment of M. M. Uzzell and his wife, notwithstanding no sale was made of the land before they went to Mexico.

The record, however, contains more evidence of intention of M. M. Uzzell not again to return to the land as a home, in that, on the 4th day of January, 1872, he conveyed the land in controversy to Lydia Uzzell, he not being joined by his wife in such conveyance. This conveyance was made after the date of the sheriff's deed under which appellant claims, and on the same day that Uzzell had proposed to make to the purchaser at sheriff's sale under which appellant claims, a deed for the property.

This is not a case in which there is a conflict of testimony, but it is a case in which the evidence very fully shows that M. M. Uzzell and his wife removed from the land intending never to return to it as their home, and with intent to expatriate themselves and take up a domicile in a foreign country, and that they did so, and in which there is no evidence that there ever existed upon the part of M. M. Uzzell or his wife an intention at any time ever again to live upon the land. This made abandonment, pure and simple.

This under the proof should have been the finding had M. M. Uzzell been the plaintiff; and it is not believed that any other finding could legally have been made upon the evidence when the wife and children were plaintiffs, for the father certainly had the right and power, in so far as his children were concerned, to abandon his homestead without their consent; and it must be true that when the wife voluntarily leaves the homestead with intent never again to return to it, and seeks with her husband a home in a foreign land, that whatever right she may have had in and to the homestead exemption is lost. Jordan v. Godman, 19 Tex., 275.

If, however, the husband, in fraud of the right of the wife and without her consent, should seek by an abandonment to withdraw the homestead from the pale of its exemption given for the benefit of the family, he could have no power to do so; but while he acts in good faith

and not against the will of the wife, having alone in view the good of the family, of which by nature and by law he is the recognized head, his power to abandon a homestead ought not to be questioned; and in the absence of evidence to the contrary, it ought to be presumed, when a removal from a homestead is made, that it was made in good faith and with the consent of the wife. Especially should this be so when third parties have acquired rights in the property under circumstances which indicated to them that the homestead exemption did not longer cover the property. In this case there is no evidence that Mrs. Uzzell was unwilling to remove from the property in question, with intention never to return to it, nor that M. M. Uzzell was prompted by any other desire than to benefit his family by taking up his home in Mexico. He may have made a mistake, but for such mistake an innocent purchaser should not be made to suffer.

For the error of the court in rendering judgment in favor of the appellees upon the facts in proof, the judgment of the court below will be reversed and remanded, that the appellees may have an opportunity to offer any further or additional evidence they may have.

REVERSED AND REMANDED.