MURPHY v. MURPHY et ux.    (No. 8617.)*

(Court of Civil Appeals of Texas. Dallas.
Feb. 6, 1922. Rehearing Denied
Feb. 25, 1922.)

1. **Evidence** 121(9)—**Newspaper article relating to conveyance of realty discussed in conversation, admissible as res gestæ.**

In father's action against son and son's wife involving ownership of land, claimed by wife to have been given her and son by the father immediately after her marriage to the son, in which the wife, while testifying as to receiving the land as a gift from the father, stated that she and the father had discussed newspaper write-up of the wedding, in which it was stated that the father had conveyed the land to the son and his wife, the newspaper article was admissible, being an essential ingredient of the conversation which wife had testified to, and therefore part of the res gestæ.

2. **Appeal and error** 1032(2)—**Admission of evidence held harmless, in view of appellant's failure to show prejudice.**

In father's action against son and son's wife, involving ownership of land claimed to have been given by father to the son and wife at time of marriage by parol gift, the admission of the newspaper write-up of the wedding, in which it was stated that the father had conveyed the land to the son and wife, *held* harmless, on appeal by the father, in the absence of a showing that its admission was prejudicial, as required by Rules of Court of Civil Appeals No. 62a (149 S. W. x).

3. **Homestead** 110—**Husband could not deprive wife of homestead rights by filing plea of disclaimer in action against husband and wife.**

In father's action against son and son's wife, involving question as to ownership of land claimed by wife to have been given by the father to the son and wife by a parol gift, in which there was evidence sufficient to establish such a gift and to clearly stamp the property with the character of a homestead, the son, who had abandoned the wife at the time of the trial, could not deprive the wife of her homestead rights by filing a plea of disclaimer.

4. **Homestead** 110—**Husband by acts of bad faith cannot work a divestiture of wife's homestead rights.**

A husband by acts of bad faith cannot work a divestiture of the wife's homestead rights, either in litigation or through transactions of any nature.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by T. J. Murphy against John J. Murphy and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

J. H. Randell, of Denison, for appellant.
Wood, Jones & Wood, of Sherman, and J. W. Harrell, of Austin, for appellees.

HAMILTON, J. Appellant instituted suit in trespass to try title for lot No. 14 in block No. 25 of the city of Denison against his son, Jno. J. Murphy, and Mrs. Gertrude Murphy, the wife of Jno. J. Murphy. The appellee Mrs. Gertrude Murphy was ejected from the place by means of a writ of sequestration issued at the instance of appellant. John J. Murphy answered by filing pleas respectively of not guilty and disclaimer. Mrs. Gertrude Murphy answered by general demurrer and plea of not guilty. She specially pleaded her marriage with her codefendant, and alleged that he had wrongfully abandoned her more than two years before the date on which the pleading was filed. She also alleged that appellant at the time of her marriage, October 22, 1912, made a parol gift to her and her husband of the premises for which he sued; that she and her husband, immediately after the gift, went into possession of the place, and upon the faith of the gift made valuable and permanent improvements thereon, and became invested with title. She alleged that continuously since the marriage she and her codefendant had occupied the place as a home. She alleged that at the time the writ of sequestration was served she and her only child of the marriage, a little girl, were occupying the place as a home. She sought to recover damages, actual and exemplary, by plea of reconvention, alleging facts sufficient to sustain both actual and exemplary damages. The allegations in reconvention were answered by supplemental petition, to which reply was made by supplemental answer. The issues being thus joined, the case was tried before the court and a jury, and was submitted to the jury upon special issues, which were answered adversely to appellant. Upon the verdict of the jury thus returned, judgment was entered against appellant and in appellee's favor for the property, and also for both actual and exemplary damages. From such judgment this appeal is prosecuted.

The undisputed evidence shows the record title to be in appellant at the time of the marriage of the defendants in 1912, and continuously subsequent to that time. The evidence also established without dispute that the house from which Mrs. Gertrude Murphy was ejected had been prepared for her and her husband by appellant immediately previous to the marriage, and by him fully equipped with furniture for their use; that from the marriage until the sequestration was served appellee resided in the place as a home; that some two or three years previous to the date of the trial Jno. J. Murphy and Mrs. Gertrude Murphy separated, after the birth of a child, and that after the separation Mrs. Gertrude Murphy supported herself and the child without any substantial aid

from Jno. J. Murphy, who did not occupy the premises with the wife and child after the separation. At least there is no evidence that he did support the child, although he testified that he had not refused to support her.

There is evidence sufficient to support the following conclusions derived from it as expressed by the jury in the answers to the questions, in which the court submitted special issues: That appellant made a parol gift of the property in controversy to the appellee; that she accepted it; that the terms and conditions of the gift were clear and free from ambiguity or doubt; that Mrs. Gertrude Murphy and her husband went into possession of the property and made permanent and valuable improvements thereon, Mrs. Murphy believing in good faith the property to be ·hers by virtue of the gift. The record also contains evidence sufficient to support the finding of actual damage and of exemplary damages in the respective sums found by the jury.

During the progress of the trial an article published in the Denison Gazetteer, a newspaper, immediately after the marriage, was admitted in evidence over appellant's objection. The article, among other things, stated that appellant, by deed, gave appellee and her husband the premises involved in this suit. Appellant objected to the introduction of this evidence, and excepted to the court's admitting it. The ruling of the court admitting this evidence is made the basis of the first assignment of error. The proposition thus presented by appellant, to the effect that the evidence was hearsay, irrelevant, and immaterial, we think is unsound.

Appellee testified that she knew before the marriage that she and her husband were to live on the property in controversy after the marriage; that the marriage took place in the Catholic Church at Denison at 8 o'clock in the morning, and immediately after the marriage ceremony the wedding party went to the home of appellee's mother for breakfast; that appellant was at the breakfast, and had a conversation with appellee. She testified that—

"When I came in from the church the plaintiff, T. J. Murphy, grabbed me and loved me and said, 'At last I have a daughter; my life is complete;' and he kissed me and said, 'I have prepared a home for you and furnished it, and it is yours; I want you to make it as happy as you can.' He threw his arms around me and loved me. The plaintiff and I often discussed the article in the Denison Gazetteer [an account of the wedding]; what a nice write-up we got."

She also testified that she and appellant read the last paragraph of the article together and discussed it. This was the paragraph referring to the gift of the place by deed. She testified that at the time they

237 S.W.—41

read that paragraph of the article together she thanked him for the gift.

[1] As independent evidence, standing alone, the newspaper article would be hearsay, and would not be admissible as primary proof. But such is not its nature under the circumstances of its admission. Appellee testified to the fact of her conversation with appellant about the very paragraph of the article which mentioned the gift of the house and lot, and stated that she and appellant discussed the newspaper account of the gift, for which she thanked him at the time. The contents of the publication thus constituted the very subject of the conversation. The conversation could not be depicted to the jury intelligently if the subject-matter of it were excluded. The subject talked about was not, under appellee's testimony, the mere fact of a published article, but what was in it. This could be disclosed in the evidence only by introduction of the article itself, as being the best evidence of its contents. The conversation was admissible, and this was not questioned or objected to on behalf of appellant. Appellee sought to establish her title over appellant's record title by an appeal to equity to sustain the asserted parol gift necessarily upon the ultimate ground that to permit appellant to rescind would be, in effect, to allow him to perpetrate a fraud upon her. This, in its analysis, being the case presented by her pleadings, the trial court possessed a wide range of discretion in the admission of evidence and circumstances reflecting the purposes, understandings, and conduct of the parties in all their relations to each other bearing upon the subject-matter of the alleged parol gift. The newspaper article was a part of the res gestæ. Jewell v. Jewell, 1 How. 219, 11 L. Ed. 108. It being an essential ingredient of the conversation about which appellee testified, and the conversation, as it appeared from appellee's testimony, being admissible for the reason above given, the court did not err and, accordingly, the assignment is overruled.

[2] If, however, the evidence were hearsay, irrelevant, and immaterial, then we would be inclined to regard the error as being harmless. We are not to presume that a litigant suffers any injury from the admission of evidence merely because of its incompetent nature and its improper admission. On the contrary, under rule 62a of this court (149 S. W. x) and under the authorities applying this rule, it seems that it is the duty of the party complaining of the admission of concededly inadmissible evidence to demonstrate to the court that it was prejudicial or resulted in an improper judgment. This appellant has not done.

In this connection it is to be observed that the paragraph of the publication relating to a gift of the property declares the gift was

made by deed. This is contrary to the claim of appellee reflected in the theory presented by her pleadings, and is contradictory of all the evidence introduced in her behalf to sustain the assertion of a lawful gift by parol. In a word, the evidence, if disassociated from other circumstances, contradicts rather than corroborates the claim of a parol gift, although in its setting it does serve the valid purpose of revealing appellant's knowledge from the first that appellee was occupying and improving the premises under the belief that appellant had deliberately made a gift of them to her.

The case presents features which we think would constrain any court to refuse to disturb the verdict of the jury upon the ground of the admission of evidence believed to be inadmissible, unless the court could ascertain with reasonable certainty that the admission of such evidence had probably resulted in the deprivation of a lawful right. No such injury can be said to have been inflicted when the whole record is considered in connection with the findings of the jury. The record discloses an attitude of personal hostility on the part of appellant and Jno. Murphy against appellee. It reflects a total disregard on the part of Jno. Murphy, whose evidence is conspicuously that of a partisan in behalf of appellant, for the natural duty he is under to care for the child born to him and appellee, since it appears that appellee had performed this function subsequent to the separation. The record reflects this unnatural attitude on his part toward the duty he is under to provide for the child, an innocent victim of the situation existing between him and appellee, regardless of where the fault may lie as to how it came about. It further reflects an attitude on the part of appellant, revealed in his harsh use of the writ of sequestration, both toward appellee and appellee's daughter, appellant's grandchild, which is calculated to arouse the deepest resentment on the part of a deliberative body like a jury, and cause such resentment to express itself in the result of the deliberation. The fact that the award of exemplary damages is extremely moderate as compared with what, in our opinion, it might have been under the entire record, we think excludes the idea that appellant could have suffered harm from the introduction of the article in any event.

[3, 4] Appellant contends material error was committed by the court in refusing to instruct the jury to find for appellant against Jno. J. Murphy for the title to the property in controversy, for the reason that Jno. J. Murphy filed a disclaimer and admitted, both in his pleadings and in his evidence, that the property belonged to appellant. We think the court correctly refused to give the requested charge. There was evidence sufficient to establish a parol gift of the property, and the undisputed evidence shows that the property was clearly stamped with the homestead character. Such being the case, Jno. J. Murphy could not deprive appellee of her homestead rights by filing a plea of disclaimer in effectuating a conspiracy to defraud her. Both appellee's pleadings and the evidence offered in support of them sustain the position that appellant and Jno. J. Murphy were in conspiracy against appellee, and that their acts and conduct in relation to the controversy were prompted by evil motives. A husband by acts of bad faith cannot work a divestiture of the wife's homestead rights, either in litigation or through transactions of any nature, and cannot destroy her valid defenses of those rights by admission, the truth or falsity of which it is the province of a jury to determine. Smith v. Uzzell, 56 Tex. 318; Speer on the Law of Marital Rights, § 132.

There are numerous assignments of error presented by appellant which assail the procedure below. These we have carefully examined, and regard them as being unmeritorious. The case was submitted to the jury upon issues clearly presented by the evidence. The charge was so framed as to guide the jury along the lines the law requires should be followed in arriving at such conclusions as the valid evidence would support. The jury answered the issues thus submitted, and their answers are found to be in conformity with substantial evidence.

There is disclosed no error to justify our disturbing the disposition of the case made by the judgment of the trial court, and it is affirmed.

Affirmed.