### WALKER et al. v. DAILEY et al.
(No 7055.)

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1927. Rehearing Denied Feb. 9, 1927.)

1. **Homestead** ⬅️181(3)—**Finding that homestead was abandoned and new one established on other land before execution levy and sale held warranted.**

In trespass to try title, evidence *held* to warrant finding that plaintiffs' predecessor in title had abandoned homestead and established homestead on another tract at time of levy of execution on, and sale of, land involved.

2. **Homestead** ⬅️164—**Best evidence of homestead abandonment is acquisition of new, permanent home.**

The best evidence of homestead abandonment is acquisition of a new and permanent home.

3. **Homestead** ⬅️181(3)—**Conclusion that principal use of property did not make it homestead on date of execution levy and sale held warranted.**

Evidence that fence separated part of tract from residence thereon and that owner did not use residence or premises fenced with it as part of his homestead during his lifetime, but rented it to tenants, *held* to warrant conclusion that principal use to which he subjected it did not impress it with homestead character on date of levy of execution and sale.

4. **Homestead** ⬅️70—**Lots not actually occupied by family residence or its appurtenances must be substantially used by family for home purposes to be exempt from execution as homestead.**

To entitle city or town lots, not actually occupied by family residence or its appurtenances, to homestead exemption from execution, they must be substantially used by family for home purposes.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. Homestead ⬤⟿35—Occasional use by owner does not save property from execution as homestead.

The mere fact that occasional uses are made of premises by owner does not save property from execution; principal use to which it is subjected determining its homestead character.

Appeal from District Court, Hays County; M. C. Jeffrey, Judge.

Action by William Walker, Dora Boone and others against Basil Dailey and others. From the judgment rendered, plaintiff Boone appeals. Affirmed.

King & York, of Austin, for appellant.
R. E. McKie, of San Marcos, for appellees Thomas and Hodge.
B. G. Neighbors and L. D. Hill, both of San Marcos, for appellees Neighbors, Dailey, and Burleson.

BLAIR, J Dora Boone, joined pro forma by her husband, and her brothers, Wm. and Alex Walker, sued their sisters Lula Burleson and Agnes Williams, and each of their husbands, and also B. J. Neighbors, Basil Dailey, Jack Thomas, and J. K. Hodge, in trespass to try title and for partition of two tracts of land in San Marcos—one a 60x60 vara tract, and the other, adjoining the first, a 45x60 vara tract.

A trial to the court without a jury resulted in favor of Jack Thomas and J. K. Hodge for the 60x60 vara tract; in favor of Basil Dailey for a 30x45 vara tract off the west side of the 45x60 vara tract and usually described as the west one-half of the 45x60 vara tract; and in favor of plaintiffs for a partition of the remainder of the 45x60 vara tract, or the portion described as the east one-half of the 45x60 vara tract, among the heirs and assignees of the heirs of Neil Walker, deceased, who is agreed to be the common source of title.

J. N. Wooten obtained a judgment against Neil Walker, on which execution issued November 12, 1887, and was on the same day levied upon the 60x60 vara tract and the west one-half of the 45x60 vara tract, or the 30x45 vara tract awarded to Basil Dailey. On January 3, 1888, the land was legally sold under the execution to B. J. Neighbors, and his interest has duly passed through a regularly recorded chain of transfers to the parties to whom the court awarded the property. Dora Boone alone has appealed, contending that at the time the land was levied upon and sold it was the homestead of Neil Walker, her father.

[1] The trial court found that at the time of the levy and sale the premises levied upon did not constitute any part of the homestead of Neil Walker; and we find that the evidence sufficiently supports that finding and the judgment. In 1873 W. O. Hutchins made to Neil Walker bond for title covering the 60x60 vara tract in the suburbs of San Marcos, which was the tract awarded Jack Thomas and J. K. Hodge in this suit. The bond for title shows that Walker paid $33.75 on said lot and gave a note for $100, due in six months. The bond was to make deed conditioned upon payment of the balance of the purchase money. No deed was ever made to Walker for this property. The testimony shows that he built a small one-room house on the property and occupied it for a short period of time, after which he moved to the country and lived there for some time, eight or nine years, on a farm which he rented. In 1878 he purchased by deed the 45x60 vara tract of land, on which he erected two houses, using the material from the small house formerly occupied by him on the 60x60 vara tract. In 1886 he moved with his family into the house located on the east one-half of the 45x60 vara tract, rented the house on the west one-half of the 45x60 vara tract; and such were the facts at the time of the levy of the execution and sale. The 60x60 vara tract claimed by appellees Thomas and Hodge was entirely separate and distinct from the tract on which Neil Walker resided. The tracts were separated by a street or avenue. They were conveyed to Neil Walker by different grantors, as entirely separate and distinct tracts, and were at all times separated by a fence. There is no testimony showing that at the time of the levy of the execution the 60x60 vara tract was being used in any manner in connection with the homestead. Walker lived some ten years after the sale of the property under execution, and at no time during his lifetime did he make any effort to assert any homestead right in either the 60x60 vara tract, or the western one-half of the 45x60 vara tract sold under the execution. Appellant has continued to live in the house on the eastern portion of the 45x60 vara tract until this time, and, although more than 36 years have elapsed, during which time the various owners under the recorded chain of title have used and enjoyed both the 60x60 vara tract and the west one-half of the 45x60 vara tract, she has asserted no claim to the property until this suit was filed. In fact, she knew that her mother contributed money to Cæsar Williams, a brother-in-law, for the repurchase from B. J. Neighbors of the two tracts of land involved in this suit. In 1924 appellee Thomas placed improvements upon a portion of the 60x60 vara tract of the value of $2,600 or $2,700, and about one year thereafter Dora Boone instituted this suit seeking to recover the premises. Under this testimony the trial court was justified in concluding that, if the 60x60 vara tract had ever been the homestead of Neil Walker, he had abandoned it and had

established his homestead upon the eastern half of the 45x60 vara tract at the time of the levy and sale.

[2] In the recent case of Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586, the Supreme Court carefully reviewed the question of homestead abandonment and the leading cases, and there reannounced the rule "that the best evidence of homestead abandonment was that a new and permanent home had been acquired." So in this case, where the testimony shows that Neil Walker actually tore down the buildings upon the 60x60 vara tract formerly occupied as his home, moved them to another lot in the city of San Marcos, owned by him, and thereafter continuously occupied the premises last purchased and improved, we think the court justified in concluding that he had abandoned the former premises as a homestead; there being no testimony whatsoever that he ever used the former premises in any manner in connection with the newly acquired home.

[3-5] With reference to the western half of the 45x60 vara tract on which a rent house was erected, the evidence shows that a fence separated it from the residence on the eastern portion or homestead of Neil Walker. The testimony also shows that Neil Walker during his lifetime did not use this residence or the premises fenced with it as any part of his homestead, but that he rented it to tenants. Under this testimony the trial court could have reasonably concluded that principal use to which Neil Walker subjected this property did not impress it with the homestead character on the date of the levy of the execution and the sale. The authorities hold that, in order to protect lots in a city or town not actually occupied by the family residence or its appurtenances, they must be substantially used by the family for home purposes. When leased to tenants and producing an income, it is evident that they are no longer used as an adjunct of the family residence, and should no longer demand homestead exemption. The mere fact that occasional uses are made by the owner of the premises does not save it from execution. It is the principal use that the property is subjected to that must be looked to in determining the homestead character. Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075; Blackwell v. Lasseter (Tex. Civ. App.) 203 S. W. 619; Blum v. Rogers, 78 Tex. 530, 15 S. W. 115; Davis v. Taylor (Tex. Civ. App.) 33 S. W. 543; Duncan v. Alexander, 83 Tex. 441, 18 S. W. 817; Goodrich Rubber Co. v. Valley Plumbing Co. (Tex. Civ. App.) 267 S. W. 1036; Lasseter v. Blackwell (Tex. Com. App.) 227 S. W. 944; Lipscomb v. Adamson Lumber Co. (Tex. Civ. App.) 217 S. W. 228; Medlenka v. Downing, 59 Tex. 32; Wurzbach v. Menger, 27 Tex. Civ. App. 290, 65 S. W. 679; Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

We find no merit in the other questions raised, and the trial court's judgment is affirmed.

Affirmed.