### GROSS et al. v. WHITE.
### No. 2944.

Court of Civil Appeals of Texas. El Paso.
Jan. 25, 1934.

Goggans & Ritchie, of Dallas (William P. Goar, of Dallas, of counsel), for appellants.

H. C. Chancellor, of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by White against Sansom Building Company, Realty Trust Company, and Edmond Gross, upon a paving assessment lien certificate issued by the city of Dallas and to foreclose the lien upon a parcel of land securing the payment of the certificate. From an adverse judgment, Gross and the Realty Trust Company appeal. They complain only of the establishment and foreclosure of the lien against the land. The land, at the time the lien was fixed against it, was the separate property of Dossie Lee Spain, the wife of Richard Spain. Title thereto passed from Mrs. Spain to Gross subsequent to the fixing of the lien. The Realty Trust Company has a deed of trust lien upon the property.

The lien sued upon attached April 18, 1928. On December 3, 1927, the Spains removed from the property. From the time of such removal until Mrs. Spain's title passed, the property was used for rental purposes. The property was the homestead of the Spains until the time, December 3, 1927, they moved from the same.

The only question presented is the sufficiency of the evidence to show an abandonment of the property as a home by the Spains when they removed therefrom on December 3, 1927. The trial court found there was such abandonment.

█ The husband, as the head of the family, has the right, when acting in good faith, to abandon the homestead right in either the separate or community property of himself or his wife. Wynne v. Hudson, 66 Tex. 9, 17 S. W. 110, 113; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586; Bishop v. Williams (Tex. Civ. App.) 223 S. W. 512.

█ And in the absence of evidence to the contrary it should be presumed that a removal from the homestead is made in good faith and with the consent of the wife. Smith v. Uzzell, 56 Tex. 318.

█ Spain testified that when they left the property in 1927 he had no intention of ever returning and occupying it as a home; that, when he married Mrs. Spain (which was shortly before the removal), he intended to use it for rental purposes, tried to sell or get rid of it in any way; he did not want a home in town; he had always lived in the

country which is the only place he would live and call it a homestead.

This testimony is certainly sufficient to show that when the Spains moved from the property in December, 1927, the husband intended to permanently abandon the same as a home. The removal, coupled with such intention, divested the property of its homestead character. Archibald v. Jacobs, 69 Tex. 251, 6 S. W. 177, 178; Hudgins v. Thompson, supra.

Mrs. Spain did not testify. There is no intimation in the evidence that the removal and abandonment was without her consent, nor is there any evidence impeaching the good faith of Spain in abandoning the property as a home.

Spain further testified that upon two occasions he moved back upon the property and remained a short time, but he did this because the property had become vacant and it was necessary to do so in order to protect the insurance; that when he returned to the property on these occasions he had no intention of remaining any length of time; that he moved there until he could rent the property again.

These two occupancies of the property, under the circumstances shown, in no wise militate against the view that the homestead character of the property had ceased to exist because of the previous removal and abandonment.

■■ Appellee in his brief asks this court to allow him an additional attorney's fee for services rendered by his attorney upon this appeal. Such additional relief cannot be awarded by this court even though the trial court in its findings of fact found that in the event an appeal was taken and the judgment affirmed $100 would be a reasonable fee for the additional service.

The trial court did not render judgment allowing attorney's fees for all services rendered and to be rendered with a conditional credit, as was done in Scanlan v. Gulf Bitulithic Co. (Tex. Civ. App.) 27 S.W.(2d) 877; id. (Tex. Com. App.) 44 S.W.(2d) 967, 80 A. L. R. 852.

This court is not a trial court. In its review of this case it is limited to a determination of the questions affecting the correctness of the judgment actually rendered by the court below. Smith v. Texas Co. (Tex. Com. App.) 53 S.W.(2d) 774.

It is not within the proper scope of the appellate jurisdiction of this court to increase the judgment for attorney's fees sim-ply because an appeal was taken and the trial court found that in the event of appeal and affirmance the sum of $100 would be a reasonable attorney's fee for the additional service to be rendered upon such appeal.

Affirmed.