**Carl F. WILLIAMSON et al., Appellants,**

v.

**H. D. LEWIS et al., Appellees.**

No. 16265.

Court of Civil Appeals of Texas.

Fort Worth.

May 5, 1961.

Rehearing Denied June 9, 1961.

Storey, Armstrong & Steger, Charles P. Storey, and John K. DeLay, Jr., Dallas, for appellant.

Aubrey J. Roberts, Burford, Ryburn & Ford, Logan Ford, and Spencer C. Relyea III, Dallas, for appellees H. D. Lewis and others.

C. C. Renfro, Dallas, for appellees Warren H. and George Brown.

BOYD, Justice.

This is the second appeal in this case. The first is reported in Lewis v. Brown, Tex.Civ.App., 321 S.W.2d 313, writ ref. n. r. e.

This appeal is by Carl F. Williamson, individually and as Independent Executor of the Estate of James C. Williamson and Sue Adeline Williamson, deceased, George J. Williamson, Nora Lee Williamson, Swain W. Williamson, Anice Ruth Holmes, and Juanita Purgason joined by her husband, James W. Purgason, from a summary judgment in favor of H. D. Lewis, Mary Rebecca Lamberth, Individually and as Independent Executrix of the Estate of E. P. Lamberth, deceased and Guardian of the Estate of Markeeta Lamberth, a minor, Warren H. Brown and George R. Brown.

On October 19, 1949, James C. Williamson and wife, Sue Adeline Williamson executed a contract to sell to Warren H. Brown a thirty acre tract of land, and on the same day they executed to the said Brown an option to buy an additional 24.9 acres contiguous to the thirty acre tract. On November 15, 1949, the Williamsons executed a deed to Brown conveying the thirty acre tract. Under the terms of the option contract, the Williamsons gave Brown the option to buy and agreed to convey to him by warranty deed at any time within three years from date, for the sum of $1,000 per acre, the 24.9 acres, hereinafter designated as the "option tract".

On February 11, 1952, Warren H. Brown, joined by George R. Brown, executed a contract to convey the thirty acre tract and the option tract to H. D. Lewis and E. P. Lamberth for the sum of $1,600 per acre. In February, 1952, Warren H. Brown exercised his option on the 24.9 acre tract and tendered to the Williamsons the $1,000 per acre purchase price. The Williamsons refused to execute a deed to such option tract. Thereafter, on March 7, 1952, Warren H. Brown and wife conveyed the thirty acre tract to Lewis and Lamberth. On April 12, 1952, Lewis and Lamberth called upon the Browns and the Williamsons to execute deeds to the option tract and tendered performance. The Williamsons at that time again refused to execute a deed to such tract.

On October 17, 1952, Lewis and Lamberth filed a suit against the Browns and the Williamsons, asking for specific performance of their contracts. The Browns, although designated as defendants, aligned themselves with the plaintiffs, asserting in their answers that they were willing to perform their contract, but were unable to do so because of the refusal of the Williamsons to convey the option tract to them. The Browns further alleged that the named plaintiffs' remedy of specific performance should be allowed. The Williamsons pleaded that Lewis and Lamberth were not in privity of contract with them and had no standing in court to enforce performance of the Williamsons' option contract with Brown, and further alleged that at all material times the option tract was part of their rural homestead. Prior to trial, E. P. Lamberth and J. C. Williamson died, and their heirs and legal representatives were made parties to the suit.

After the remand, appellants amended and pleaded that J. C. and Sue Adeline Williamson were induced by fraud to execute the option contract and that it was therefore unenforceable; they pleaded alternatively that at all material times the option tract constituted part of the Williamson urban homestead, and reasserted their plea of rural homestead.

Before the second trial Sue Adeline Williamson died, and her heirs and legal representatives were made parties defendant.

Lewis and the Lamberths filed a motion for summary judgment; and the Browns filed a separate motion for summary judgment. The motions alleged that there was

# content

no genuine issue of material fact and that Lewis and the Lamberths were entitled to a judgment as a matter of law. We have concluded that the judgment sustaining the motions should be affirmed.

 We agree with appellees that the homestead issue, rural or urban, is out of the case. A contract to sell a homestead is not illegal, but unenforceable so long as the homestead status exists. Wright v. Hays, 34 Tex. 253; Hudgins v. Thompson, 109 Tex. 433, 211 S.W. 586; Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619; Weinert v. Cooper, Tex.Civ.App., 107 S.W.2d 593. The spouses being both deceased, there is no longer a homestead, and the reason for the law's protection of it as such has ceased. Hill v. McIntyre Drilling Co., Tex.Civ.App., 59 S.W.2d 193, error ref., and authorities there cited.

 We overrule appellants' contention that the homestead status must be determined from the facts existing to the day of the first trial and judgment. They say that we held on the former appeal that the only facts relevant to the homestead defense were those in existence at or before the date of the first judgment, and that such date is the latest material one. We think appellants misconstrue the holding. We said " * * * if the homestead exemption ceased at any time while (Lewis and the Lamberths) were seasonably asserting their rights, the defense failed. And we under-

stand that they have been asserting their rights from their first demand until and including this day." We think they are still asserting them. Likewise, the summary judgment was proper so far as appellants' defense of fraud is concerned. J. C. and Sue Adeline Williamson executed and acknowledged the option contract. Appellants pleaded fraud in its procurement. The contract was in evidence before the court, and appellees had performed. This made a case for appellees. Appellants offered no evidence by affidavit, deposition, admission, or otherwise, that there was any fraud in the inducement of the contract. It is true that one of appellants' attorneys swore to their answer to the motions for summary judgment, which set up fraud and the pleas of homestead, by saying that he was " * * * personally familiar with the facts alleged in the foregoing answer to motions for summary judgment, and states that the allegations of fact therein contained are true and correct; * * *." But there is nothing in the affidavit which would be admissible on a trial. A conclusion sworn to is still a conclusion, and is not evidence sufficient to raise an issue of fact as to whether there was any fraud in the procurement of the option contract. Kuper v. Schmidt, Tex., 338 S.W.2d 948, 4 Tex.Sup. Ct.Jr. 22 (October 8, 1960); Stayton, "Judgments-Summary Judgments and the Pleadings", 29 Tex.L.Rev. 688.

The judgment is affirmed.